UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOLDEN JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 1:15-cv-00406-TWP-DML |
| vs. | ) |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Holden Jackson ("Jackson"). Jackson challenges a prison disciplinary proceeding in CIC 14-10-0186 in which he was found guilty of assault. For the reasons explained in this entry, Jackson's habeas petition must be **DENIED**.

**I. Legal Standard**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On October 5, 2014, offender Jonathan Flick ("Flick") was assaulted and seriously injured. Flick suffered a puncture wound to his left triceps and four puncture wounds to his neck. On October 23, 2014, Investigator Mills issued a Report of Conduct charging Jackson with assault in violation of Code A-102. The Report of Conduct states:

> On October 5, 2014 at approx. 8:40am, Offender Jonathan Flick 100458 (2B-4B) was assaulted with a weapon on the 2/4 side of B-Unit. An investigation was conducted to determine those individuals responsible for the assault. Evidence collected during the investigation indicate[s] that offender Jackson, Holden 193666 (4B-4B) was directly involved in the assault on offender Flick.

Dkt. 7-1.

A Report of Investigation of Incident was also completed. Jackson was notified of the charge on October 23, 2014, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Jackson wanted to call offender Flick as a witness and that he requested production of the "statements against [him]," the weapon, and the video. The request for statements was denied as confidential, and the request for the weapon was likewise denied.

> The video footage was reviewed and summarized as follows:
>
> I Officer Sidwell watched the camera for the 2/4 side of B-Unit. The camera was moving during the incident, so this is what I saw when the camera was on 2-4B. I saw Offenders Flick and Darrett standing outside the room[.] I saw Offender Jackson exit the room with commissary and Flick pushed it out of his hands. I than [sic] saw Flick go to his room. Offenders Darrett and Jackson followed him into the room and Offender Flick came bounding out of the room down the stairs heading to the control room. Reviewed on 10/24/14 at 1:40 PM[.]

The Hearing Officer conducted a disciplinary hearing on October 28, 2014. Jackson offered this statement, "I have not seen anything saying I did anything. I did not get statements. I do not have anything from the offender who was assault[ed]." The Hearing Officer relied upon staff

reports and the confidential Internal Affairs ("IA") report to determine that Jackson had violated Code A-102. The sanctions imposed included a written reprimand, a 45-day phone restriction, 365 days of disciplinary segregation, the deprivation of 365 days of earned credit time, and a demotion from credit class I to credit class III. The Hearing Officer imposed the sanctions because of the seriousness, frequency and nature of the offense, the degree to which the violation disrupted or endangered the security of the facility, and the likelihood of the sanction having a corrective effect on Jackson's behavior. Jackson appealed to the Facility Head, who ordered a rehearing in the matter.

Upon rehearing, offender Flick completed a witness form and indicated that he had no comment. The case was reheard on November 21, 2014, on the same charge. The Hearing Officer noted, "Offender claims he wasn't involved and says that Offender Flick did not say that he was assaulted by Offender Jackson." The Hearing Officer relied upon the staff reports and the confidential IA Investigation Report to find him guilty of violating Code A-102. The sanctions imposed included a written reprimand, a 45-day phone restriction, 365 days of disciplinary segregation (time served), the deprivation of 365 days of earned credit time, and a demotion from credit class I to credit class III. The Hearing Officer imposed the sanctions because of the seriousness, frequency and nature of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Jackson's appeals were denied. He filed his petition for writ of habeas corpus on March 11, 2015.

### III. Analysis

Jackson alleges that his due process rights were violated during the disciplinary proceeding. His claims are: 1) there was insufficient evidence to support the conviction; 2) the hearing officer

denied him the opportunity to present documentary evidence; 3) Officer Sidwell gave a false video summary; and 4) he was denied a copy of facts relied on by the hearing officer.

Jackson first argues that there was insufficient evidence to link him to the assault on offender Flick. He asserts that offender Flick never gave a statement saying that Jackson assaulted him, and no weapon or bloody clothes were found in Jackson's cell. Nonetheless, the confidential IA report was reviewed by the hearing officer, and it has been reviewed by the Court. The IA investigation recites a number of witnesses and physical evidence, including video evidence that places Jackson in the victim's cell at the time of the assault, all of which show that Jackson was directly involved in the assault. Just because the victim refused to make a statement during the disciplinary proceeding out of fear for his own safety, does not render the hearing officer's decision unsupported.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report, summary of video, and confidential IA investigation constituted sufficient evidence to support the charge and conviction.

Jackson's second the third claims challenge the fact that in the second hearing, the hearing officer relied on the video summary provided by the first hearing officer, Officer Sidwell, whose decision had been overturned. Jackson argues that the video summary was false and the second hearing officer was therefore not impartial. Jackson contends that contrary to the video summary statement, the victim never pushed commissary out of Jackson's hands. The IA investigation,

however, is consistent with the video summary and the first hearing officer is not the only officer who saw on video the victim attempt to knock something from Jackson's hands. The video summary was not "false." Moreover, to the extent Jackson argues that the video was later erased in violation of prison policy, a claim based on such policy is not viable in a federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Inmates are entitled to an impartial decision-maker. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* Jackson does not assert that the second hearing officer had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. There is no evidence of bias in these proceedings.

In addition, it was proper for the hearing officer to provide a video summary in light of the determination that allowing the offender to view the video would jeopardize prison safety. *See Jones v. Cross,* 637 F.3d 841, 848-49 (7th Cir. 2011) (an inmate is not entitled to disclosure of an exculpatory surveillance video if allowing the inmate to see the tape would create a security risk). The summary of the video was sufficiently detailed and described the conduct of Jackson and the other inmates who were involved.

Jackson's final claim is that he was not informed upon what evidence the hearing officer relied. He argues that the only evidence used was confidential, and he was never shown that evidence. Jackson's claim is meritless. He was given a copy of the conduct report and informed of the video summary. As noted above, it was proper for the prison not to allow him to view the videotape (or the IA investigation report) for security reasons. Jackson does not have a due process right in this context to view all of the evidence that was considered. *White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("disciplinary boards need not place on the record all of the evidence that influences their decisions. The [Supreme] Court [in *Wolf*] recognized that considerations of institutional security may militate against full disclosure.").

Jackson was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Jackson's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Jackson's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  3/24/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Holden Jackson, #193666, Correctional Industrial Facility, Inmate Mail/Parcels, 5421 West Reformatory Road, Pendleton, IN  46064